IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

Courtney R. Webb,

    Plaintiff,

    v.

Clairton City School District

    Defendant

CIVIL DIVISION

Type of Pleading:
**COMPLAINT**

No.: GD-21-009561

**<u>JURY TRIAL DEMANDED</u>**

**Filed on Behalf of:**

Courtney R. Webb
Plaintiff

Counsel of Record for this party:

Olanrewaju Kukoyi, Esq.
PA I.D. No. 315955

Kukoyi Law Firm, LLC
510 Washington Ave.,
Carnegie, PA 15106
(412) 200-2440 Phone
(412) 502-5105 Facsimile



EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

Courtney R. Webb,                                    CIVIL DIVISION

    Plaintiff,                                   Type of Pleading:
                                                     **COMPLAINT**

    v.
                                                     No.: GD-21-009561

Clairton City School District.
                                                     **JURY TRIAL DEMANDED**

    Defendants

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, YOU MAY CONTACT THE OFFICE BELOW TO FIND OUT HOW YOU CAN HIRE A LAWYER.

IF YOU CANNOT AFFORD A LAWYER, THE OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor, Koppers Building
436 7th Avenue
Pittsburgh, Pennsylvania 15219
412-261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

Courtney R. Webb,
    Plaintiff,,

        v.

Clairton City School District,

    Defendant.

CIVIL DIVISION

Type of Pleading:
**COMPLAINT**

No.: GD-21-009561

## COMPLAINT

AND NOW COMES, the Plaintiff, Courtney R. Webb,, by and through her attorney, Kukoyi Law Firm, LLC and Olanrewaju Kukoyi, Esquire, and files this Complaint and in support thereof states as follows:

1. Plaintiff, Courtney R. Webb ("Plaintiff") is a resident of Allegheny County, Pennsylvania.

2. Defendant, Clairton School District ("Defendant") is a municipal agency of the municipality of Clairton, Pennsylvania.

3. This action arises in part under 42 U.S.C. §2000e *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§951 *et seq* and 43 P.S. §260.1.

4. Plaintiff is an African-American female and so is a member of multiple protected classes.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff incorporates the foregoing paragraphs by reference herein as if same were set forth at length.

6. Plaintiff exhausted her administrative remedies under Title VII and applicable state law.

7. Plaintiff filed a timely written Charge of Discrimination (hereinafter "Charge") with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. The Charge was assigned case number 533-2020-02202 and was dual filed with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

9. On or about May 13, 2021, EEOC issued Plaintiff a Notice of Dismissal and Right to Sue. It is attached as Exhibit A. Plaintiff properly filed a Praecipe for a Writ of Summons on August 11, 2021.

## FACTS

10. Plaintiff incorporates the foregoing paragraphs by reference herein as if same were set forth at length.

11. Plaintiff was employed by Defendant on January 19, 2015 as the Confidential Secretary to the Director of Federal Programs & Curriculum. She reported to Debra Maurizio (Federal Programs Coordinator an/Elementary School Principal).

12. During her employment with Defendant, Plaintiff was subjected to various instances that created a hostile work environment for her.

13. Prior to Plaintiff's hire, Gayle Colonna ("Colonna") was in her position as a confidential secretary, but to Dr. Ginny Hunt ("Hunt") who was the District Superintendent and Colonna continued in that role for the duration of Plaintiff's employment with Defendant.

14. Throughout Plaintiff's employment, Dr. Hunt would go shopping and upon her return would call Plaintiff to go and carry the bags she had with her.

4

15. During these times, Plaintiff would glance to see what Colonna was doing but would not see her doing anything that would have meant that Hunt would not have asked her (Colonna) since she was Colonna's direct supervisor.

16. Plaintiff's direct supervisor told Plaintiff multiple times that she did not "know what to do with "Plaintiff. Plaintiff usually responded "Let me do my job" but rather, Maurizio assigned her tasks that were not part of Plaintiff's job responsibilities nor were these tasks assigned to Colonna.

17. Examples of these tasks include Plaintiff being asked to clean an empty swimming pool that was being used to store old textbooks. The pool was located in an area without ventilation, windows or good lighting. The task took several hours.

18. Plaintiff was also asked to sell tickets to the school football games and had to walk through the men's' restroom to get to her booth and it shared a door with the booth. There was no lock on the door to the booth so anybody using the restroom could have just walked in and the inside of the booth was very visible from the restroom. After being assigned to work that booth alone several times, Plaintiff resigned as a ticket taker because her concerns regarding her safety were not being addressed although she verbalized them.

19. Plaintiff was intentionally frustrated in her ability to carry out her job responsibilities. For example, she was supposed to track the use of Federal funds but she was repeatedly excluded from the meetings pertaining to the federal programs.

20. Her job duties was to do the grant work for Defendant, but often, the grant work would be completed without her knowledge and/or contribution.

21. Plaintiff was placed in a remote part of the administration building (3rd Floor) with Maurizio but within two weeks of the move, Maurizio moved to the Elementary school as its acting Principal and Plaintiff was left alone on that 3rd floor, away from everybody else. She made repeated requests to be moved so that she could be made part of the "team", but she was repeatedly told that there was no space, though there was an open room that was available.

22. Plaintiff also had to experience Hunt hanging up the phone on her repeatedly, especially as Plaintiff was in mid-sentence.

### COUNT I – Discrimination in violation of Title VII of Civil Rights Act of 1964, 42 U.S.C. §2000e

23. Plaintiff incorporates the foregoing paragraphs by reference herein as if same were set forth at length.

24. Plaintiff experienced a hostile work environment throughout her employment with Defendant.

25. She experienced emotional pain, mental anguish, inconveniences, untold embarassment and other non-pecuniary losses.

26. She was the only African American that worked in the Administration.

27. Defendant Company's violation of Title VII was undertaken with malice or reckless indifference to Plaintiff's federally protected right to not be discriminated against because of her race, national origin or engaging in a federally protected right.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor, and against Defendant, and award all damages available to her at law and in equity.

6

**COUNT II – Discrimination in violation of Pennsylvania Human Relations Act, 43 P.S. §§951-963 against all Defendants**

28. Plaintiff incorporates the foregoing paragraphs by reference herein as if same were set forth at length.

29. Plaintiff, who is a African-American female, is a member of a multiple protected classes.

30. Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment because of her racein violation of the Pennsylvania Human Relations Act ("PHRA").

31. Plaintiff was subject to adverse employment action, to wit, a hostile work environment.

32. She experienced emotional pain, mental anguish, inconveniences, untold embarassment and other non-pecuniary losses.

 WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor, and against Defendant, and award all damages available to her at law and in equity.

    Sincerely,

DATE: 11/1/2021

    Lanre Kukoyi, Esq.
    Attorney for Plaintiff

7

## <u>VERIFICATION</u>

I, Olanrewaju Kukoyi, counsel for Plaintiff herein, verify that the statements here-in are true and correct to the best of knowledge and strict proof shall be provided at or before trial. I understand that my statements are made subject to 18 Pa. Cons. Stat. Ann. §4904 providing for unsworn falsification to authorities.

.

Date: 11/1/2021

_____
Olanrewaju Kukoyi

**Certificate of Compliance**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Signature:

Name: Olanrewaju Kukoyi Esq.

Attorney No.: 315955