IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COURTNEY R. WEBB,

    Plaintiff,                               Civil Action No: 2:21-cv-01739

vs.

CLAIRTON CITY SCHOOL DISTRICT,

    Defendant

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant, Clairton City School District (hereinafter the "District"), by and through its attorneys, Andrews & Price, LLC, files the following Brief in Support of the District's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

### I.    BACKGROUND

This action was commenced in the Court of Common Pleas of Allegheny County, PA, by Praecipe for Writ of Summons filed on August 11, 2021, at docket number GD-21-9561 (ECF No. 1-2). Plaintiff filed a Complaint on November 1, 2021 (ECF No. 1-1). Defendant removed this case to federal court on November 30, 2021 (ECF No. 1). Plaintiff filed an Amended Complaint on January 17, 2022 (ECF No. 12). Plaintiff filed a Second Amended Complaint on March 17, 2022 (ECF No. 20). As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant assumes Plaintiff's, allegations to be true, and views all facts in the light most favorable

to her. Viewed according to these standards, the facts affecting Plaintiff's claims against the Defendant are construed as follows for purposes of resolving the Motion to Dismiss.[1]

Plaintiff is an African American woman who was, at all relevant times, an employee at Defendant School District. (Amended Complaint, hereinafter "AC" ¶¶6, 8). Defendant District is a municipal agency of the municipality of Clairton, Pennsylvania. (AC, ¶7). Starting on January 19, 2015, Plaintiff was employed as the Confidential Secretary to the Director of Federal Programs & Curriculum. (AC, ¶16). In her Second Amended Complaint, Plaintiff generally asserts that, "during her employment with Defendant, Plaintiff was subjected to various instances that created a hostile work environment for her." (AC, ¶17).

Specific examples of the alleged conduct of the District which contributed to the hostile work environment included: a) during August/September and March/April of each school year, the District's Superintendent asked Plaintiff to carry the Superintendent's personal shopping bags (AC, ¶¶19-20); b) the District assigned Plaintiff tasks that were not part of Plaintiff's job responsibilities, including being asked to clean an empty swimming pool that was being used to store old textbooks on August 2, 2017 and August 16, 2017 and being asked to sell tickets to school football games "during the 2017 football season" until she resigned as a ticket taker on October 20, 2017 (AC, ¶¶21-23); c) Plaintiff was excluded from meeting and communications pertaining to the federal funds program "around mid-December 2017" and in February of 2018 (AC, ¶¶24-25); d) on March 2, 2018, Plaintiff's supervisor did not sign off on purchase orders Plaintiff had put in; e) Plaintiff was forced to work in a remote part of the administration building, away from

---

[1] In accordance with the standard of review, the "facts" relevant to this Motion to Dismiss are taken from the Plaintiff's Second Amended Complaint. By no means does the District concur with this rendition of the facts other than for the purpose of resolving this motion.

co-workers (AC, ¶27)[2]; and f) Plaintiff was hung up on by the District superintendent on September 5, 2017 and throughout her employment up until around the end of the 2017-2018 school year. (AC, ¶¶28-29).

Plaintiff's official last day of employment with the District was on June 30, 2018, when her employment contract expired. Plaintiff's actual last day when she was physically present on District premises was June 4, 2018.[3]

Plaintiff's Second Amended Complaint asserts that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on April 4, 2019, requesting dual filing with the Pennsylvania Human Relations Commission (hereinafter "PHRC") (AC, ¶¶11, 13).

In her Second Amended Complaint, Plaintiff alleges that this action arises under three statutes: a) 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991; b) 42 U.S.C. §1981a; and c) the Pennsylvania Human Relations Act (AC, ¶1). Plaintiff sets forth three specific counts in the Second Amended Complaint: a) Count I – Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII") (AC, ¶¶ 30-36); b) Count II – Discrimination in Violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963 (AC, ¶¶ 33-37)[4]; and c) Count III – Discrimination in Violation of 42 U.S.C. §1981 (AC, ¶¶ 38-45). Under Count III, Plaintiff requests punitive damages. (AC, Wherefore clause p. 8)

The District files the within Brief in Support of the Motion to Dismiss Plaintiff's Amended Complaint in its entirety, as Plaintiff fails to state a claim upon which relief can be granted. In the

---

[2] Plaintiff indicates that she was separated from her coworkers in 2015 (AC, Exhibit A, p. 4).
[3] Plaintiff was paid through the expiration of her contract at the end of June, 2018, despite no longer being physically present at the District's facilities as of June 5, 2018. (AC, Exhibit A, p. 2).
[4] Plaintiff appears to have inadvertently repeated the paragraphs numbered 33-36.

alternative, the District respectfully requests that the Court find that Plaintiff has failed to state a claim for which relief can be granted with respect to any punitive damages under Count III of Plaintiff's Second Amended Complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) states that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). In *Iqbal*, the Supreme Court outlined a two-part analysis that district courts must conduct when reviewing a complaint challenged under 12(b)(6). *See Flower v. UPMC Shadyside*, 578 F.3d 203, 210–211 (3d Cir. 2009).

In *Fowler*, this Court held that, following *Iqbal*, motions to dismiss for failure to state a claim in civil cases should be subject to a two-part analysis.[5] *Fowler*, 578 F.3d at 210–211. First, the court should separate the factual and legal elements of a claim; it must accept any well-pleaded facts as true but may disregard any legal conclusions. *Id*. Second, the court must determine whether the well-pleaded facts are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 211. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. If the well-pleaded facts do no

---

[5] In *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), c*ert. denied*, 132 S. Ct. 1861 (2012), the Court added the step of first identifying the elements of the plaintiff's cause of action.

more than permit the court to infer the mere possibility of misconduct, the complaint has not "shown" that the pleader is entitled to relief.[6] *Id.*

The Court recognized in *Fowler* that both *Twombly* and *Iqbal* specifically repudiated the earlier standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which permitted dismissal of a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Fowler*, 578 F.3d at 210.

A complaint must do more than allege the plaintiff's entitlement to relief, but instead must "show" such entitlement with its facts in order to survive a motion to dismiss. *Id.* Therefore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

Although this Court must accept all well pleaded facts in the complaint as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Because Fed. R. Civ. P. 8 (a)(2) requires a showing, rather than a blanket assertion, of entitlement to relief, courts evaluating the viability of a complaint must look beyond conclusory statements and determine whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).

Indeed, it is not sufficient to allege mere elements of a cause of action; instead a complaint must allege facts "to raise a right to relief above the speculative level." *Umland v. Planco Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (*quoting Philips v. County of Allegheny*,

---

[6] *Twombly* and *Iqbal* are not satisfied by the presence of *any* factual allegations, but only by factual allegations sufficient to support a plausible, rather than simply conceivable, claim.

515 F.3d 224, 233 (3d Cir. 2008)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Examination of the context of the claim, including the underlying substantive law is therefore necessary in order to properly assess plausibility. *Renfro v. Unisys Corp.,* 671 F.3d 314, 321 (*citing In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 320, n. 18 (3d Cir. 2010)).

### III.     ARGUMENT

**A.     PLAINTIFF HAS NOT ALLEGED SEVERE OR PERVASIVE HARASSMENT BASED ON HER RACE.**

In order to maintain all claims asserted within Plaintiff's Second Amended Complaint, Plaintiff is required to allege that she was subject to racially motivated harassment that was sufficiently severe or pervasive to alter the conditions of her employment. *See Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (holding severe and pervasive harassment necessary to maintain §1981 hostile work environment claims); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (holding severe and pervasive harassment necessary to maintain Title VII hostile work environment claims); *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001) (holding "[t]he proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably.").

Within her Second Amended Complaint, Plaintiff makes the bare assertion that she was treated differently and experienced a hostile work environment because of her race. (AC, ¶¶ 32, 33, 35, 36, 41, 43). However, "[c]onclusory allegations of generalized racial bias do not establish discriminatory intent." *Flagg v. Control Data*, 806 F.Supp. 1218, 1223 (E.D.Pa.1992), aff'd, 998 F.2d 1002 (3d Cir.1993). As a result, Plaintiff is required to put forth specific allegations indicating

that the instances contributing to a hostile work environment were in fact *racially motivated*. A review of Plaintiff's allegations reveal that she has provided absolutely no support of the assertion that she was subjected to a hostile work environment due to her race.  When one examines the specific allegations of mistreatment of Plaintiff by the District in the Complaint, it is readily apparent that Plaintiff has cited nothing more than isolated instances of alleged unfair treatment by her employer.  Other than conclusory statements, however, there are no specific facts set forth which could allow a jury to conclude that this alleged unfair treatment was racially motivated – e.g., that employees who were not African-American were treated more favorably.

In the absence of any specific allegation whatsoever indicating that the District's actions were racially motivated, Plaintiff has failed to allege sufficiently severe or pervasive harassment necessary to all of her claims. *See Doe v. Triangle Doughnuts, LLC*, 472 F. Supp. 3d 115, 131 (E.D. Pa. 2020) (dismissing plaintiff's claims of hostile work environment based on race when plaintiff had alleged "next to nothing" with respect to mistreatment based on her race); *see also Woodard v. PHB Die Casting,* 255 F. App'x 608, 609 (3d Cir. 2007) (holding "[t]he discriminatory conduct must be so extreme as to amount to a change in the terms and conditions of employment. Unless they are extremely severe, offhand comments and isolated incidents are insufficient to sustain a hostile work environment claim.").

Plaintiff has failed to allege the necessary element of severe and pervasive harassment required of all of her claims. Accordingly, Plaintiff's Second Amended Complaint must be dismissed in its entirety.

**B.     PLAINTIFF HAS NOT ALLEGED AN ADVERSE EMPLOYMENT ACTION.**

To establish a prima facie case of discrimination under Title VII, the plaintiff must prove that she belongs to a protected class; that she was qualified for the position; that she suffered an adverse employment action; and the adverse action occurred under circumstances that give rise to an inference of discrimination. *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410–12 (3d Cir.1999).

In order to give rise to a claim of racial discrimination under Title VII, an adverse employment action must be "sufficiently severe as to alter the employee's 'compensation, terms, conditions, or privileges of employment,' or to 'deprive or tend to deprive [him or her] of employment opportunities or otherwise adversely affect his [or her] status as an employee.' " *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1296–97 (3d Cir.1997), abrogated on other grounds *by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (quoting 42 U.S.C. § 2000e–2(a)(1) and (2)). Not every "insult, slight, or unpleasantness gives rise to a valid Title VII claim." *Id.* at 1297.

For the reasons described above, the alleged conduct of the District is not sufficiently severe as to alter the Plaintiff's compensation, terms, conditions, or privileges of employment nor does Plaintiff allege circumstances that give rise to an inference of discrimination through this conduct. As a result, Plaintiff has failed to allege this necessary element for a claim of discrimination under Title VII. For these same reasons Plaintiff, has failed to state a claim under the PHRA based on the holding provided above in *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001). Accordingly Counts I and II of Plaintiff's Second Amended Complaint must be dismissed.

### C.   PLAINTIFF'S CLAIMS UNDER TITLE VII AND THE PHRA ARE TIME BARRED.

The PHRA requires that the plaintiff file a complaint within 180 days after the alleged discriminatory act. *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 783 (W.D. Pa. 2000), aff'd, 276 F.3d 579 (3d Cir. 2001) In a dual filing jurisdiction such as Pennsylvania, if a plaintiff files a complaint with a state or local agency with authority over the claim, she is allowed 300 days from the date of the alleged discrimination within which to file a charge of employment discrimination with the EEOC. 42 U.S.C. § 2000e–5(e). *Id.*

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Natl. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

Based on the standard of statute of limitations above, Plaintiff's claims under Title VII and the PHRA would be time barred if she did not file her Charge of Discrimination with the EEOC within 300 days of the latest act contributing to the alleged her alleged hostile work environment claims. Based on the allegations of Plaintiff's Second Amended Complaint, this latest alleged act occurred "around the end of the 2017-2018 school year" when Superintendent, Ginny Hunt, frequently hung up on Plaintiff. Plaintiff does not indicate an exact date when this conduct occurred but she does provide within the exhibits to her Second Amended Complaint that the she was escorted off of the premises on June 4, 2018. (AC, Exhibit A, p. 2). As of June 5, 2018, Plaintiff

was no longer physically present at the District's facilities; therefore, it is not possible that Plaintiff was subject to any hostile work environment on or after this date.

Based on this timeline, Plaintiff's claims under these counts would be time barred after March 31, 2020, or 300 days after the last possible act contributing to Plaintiff's claims of a hostile work environment. As provided above, Plaintiff made her dual filing with the EEOC and PHRC on April 4, 2019 outside of this 300 day window. As a result, Plaintiff's claims under Title VII and the PHRA are time barred. Accordingly, Counts I and II of Plaintiff's Second Amended Complaint must be dismissed with prejudice.

### D.   PLAINTIFF HAS NOT ALLEGED BUT-FOR CAUSATION REQUIRED FOR A §1981 CLAIM.

To prevail on a §1981 claim, a plaintiff must initially plead and ultimately prove that, but for race, they would not have suffered the loss of a legally protected right. *Comcast Corp. v. Natl. Assn. of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Plaintiff has not alleged that she was subjected to a hostile work environment *but for* her race. Accordingly, Plaintiff has failed to allege a necessary element of her §1981 claim. Therefore, Count III of Plaintiff's Second Amended Complaint must be dismissed.

### E.   THE DISTRICT IS IMMUNE FROM CLAIMS FOR PUNITIVE DAMAGES.

Plaintiff seeks punitive damages under Count III of her Second Amended Complaint. As a matter of public policy, punitive damages are not recoverable against a municipality in Pennsylvania. *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 263 (1981); *Feingold v. SEPTA*, 517 A.2d 1270, 1277 (Pa. 1986). A school district is a municipal agency and therefore punitive damages are not recoverable against the District. *Doe by Brown v. Harrisburg Sch. Dist*., 1:19-CV-1027, 2020 WL 4584372, at *6 (M.D. Pa. Aug. 10, 2020). Accordingly, in the event that

the Court does not grant Defendant's request for the outright dismissal of Plaintiffs' Second Amended Complaint, Plaintiff's claim for punitive damages must be dismissed.

## IV.     CONCLUSION

For the reasons set forth above, the Defendant, Clairton City School District respectfully requests that the Court find that Plaintiff has failed to state a claim for which relief can be granted with respect to all counts of Plaintiff's Second Amended Complaint. Accordingly, Plaintiff's Second Amended Complaint must be dismissed with prejudice. In the alternative, the District respectfully requests that the Court find that Plaintiff has failed to state a claim for which relief can be granted with respect to any punitive damages under Count III of Plaintiff's Second Amended Complaint.

Respectfully submitted,

**ANDREWS & PRICE**

By: /s/ Joseph W. Cavrich
Joseph W. Cavrich, Esq.
P.A. I.D. No. 52693
Firm No. 549
1500 Ardmore Boulevard, Suite 506
Pittsburgh, PA  15221
(412) 243-9700
Attorneys for the Defendant

**CERTIFICATE OF COMPLIANCE**

I hereby certify that I have complied with the Court's Order of December 6, 2021 (ECF No. 6), which obligated the undersigned counsel to make a good faith effort to meet and confer with Plaintiff's counsel before filing the within motion to determine whether any pleading defects were curable by amendment, thereby obviating part or all of the motion.

/s/ Joseph W. Cavrich
Joseph W. Cavrich, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

/s/ Joseph W. Cavrich
Joseph W. Cavrich